IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BARBARA G. REAVES                                                   Plaintiff

v.                              4:05CV01240 WRW/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                            Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Barbara G. Reaves,[1] has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal

---

[1] Plaintiff re-married in 2002, and her last name is now "Hanke." (Tr. 391)  However, all of the medical evidence refers to her as "Reaves," as do both briefs.

briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on degenerative disc disease, nerve damage, high blood pressure, arthritis, depression, poor

vision, dependence on pain medication, migraine headaches and chronic pain. (Tr. 92) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through June 21, 2005, the date of his decision. (Tr. 317) On July 28, 2005, the Appeals Council declined to assume jurisdiction, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 301-03) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 52 years old at the time of the last hearing.[3] (Tr. 392) She completed the ninth grade in school. Id. She has past relevant work as a marketing research interviewer, sandwich shop worker, gas station clerk, convenience store worker and waitress. (Tr. 101-05, 310)

---

[2]The Hon. Lesly W. Mattingly.

[3]There had been a previous hearing and unfavorable decision which ultimately was appealed to this Court and remanded to the Commissioner pursuant to "sentence four" of 42 U.S.C. § 405(g). Reaves v. Barnhart, 4:03CV00260 HLJ (Judgment, March 24, 2004). (Tr. 337-45)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i) (2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at § 404.1520(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., § 404.1520(a)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., § 404.1520(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., § 404.1520(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

4

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 316) He found that she had "severe" impairments, degenerative disc disease and hypertension, but that she did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's allegations were not borne out by the overall record and found that they were not fully credible. Id.

The ALJ found that Plaintiff retained the residual functional capacity for less than a full range of sedentary work. Id. He determined that she was unable to perform any of her past relevant work. Id. The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work. (Tr. 315)

Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, referral and information clerk and interviewer. (Tr. 316) Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 317)

Plaintiff contends that the ALJ's credibility determination was flawed. (Br. 13-17) The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). (Tr. 313-15)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be

5

>
> considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.   dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints _solely_ on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the lack of medical evidence in support of Plaintiff's allegations, her daily activities, her poor work record, her functional capabilities and the lack of greater restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints.  See, e.g., Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101

F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

The ALJ considered Plaintiff's subjective complaints, but found them less than totally credible in view of the reports of treating and examining physicians, discrepancies between Plaintiff's assertions concerning her symptoms and limitations and documentary reports regarding medical signs and findings, the degree and frequency of medical treatment and Plaintiff's activities of daily living. (Tr. 314-15)  The ALJ's credibility analysis was proper.  He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints.  E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996);  Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Plaintiff faults the ALJ for relying on the testimony of a non-treating, non-examining physician in his residual functional capacity determination.  (Br. 17-18)  The ALJ utilized a medical expert in his determination, a board certified orthopedic surgeon, Henry K. Hamilton.  (Tr. 385)

> The use in social security disability determinations of a medical advisor, i.e., "an expert who does not examine the claimant but who hears and reviews the medical evidence and who may offer an opinion," was expressly approved in Richardson v. Perales, 402 U.S. 389, 396, 408, 91 S.Ct. 1420, 1425, 28 L.Ed.2d 1842 (1971).  The opinion of such an advisor, even if different from that of an examining physician, may constitute substantial evidence to support a finding of nondisability. Gaultney v. Weinberger, 505 F.2d 943, 945 (5th Cir. 1974).

Janka v. Secretary of Health, Ed. and Welfare, 589 F.2d 365, 368 n.4

(8th Cir. 1978).

Such use of a medical expert is not only permissible, but quite useful in complicated cases, such as the one at bar.  Plaintiff points out that a consultative examiner and Plaintiff's treating physician both offered opinions that were more restrictive than that of Dr. Hamilton.  (Br. 17)  What weight to give competing testimony is a credibility issue, one properly left to the fact-finder. Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993).  The trier of fact has the duty to resolve conflicting medical evidence. Richardson v. Perales, 402 U.S. at 399; Vandenboom v. Barnhart, 412 F.3d 924, 928 (8th Cir. 2005).

Finally, Plaintiff contends that the residual functional capacity determination and therefore the hypothetical question based on the residual functional capacity should not be based on the testimony of Dr. Hamilton.  (Tr. 18)  The Court has already determined that reliance on his testimony was a proper basis for the residual functional capacity determination.  Therefore, the hypothetical question, which was based on the residual functional capacity, was also proper.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a

reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see also  Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

 THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

 IT IS SO ORDERED.

 DATED this 1st day of September, 2006.


         _/s/ Henry L. Jones, Jr._
         UNITED STATES MAGISTRATE JUDGE